Battle, J.
 

 In one clause of his will, Thomas Sheppard devised the land, upon which the waste was alleged to have been committed, to his wife, for life, and in a subsequent clause he adds, “ My will is, at the death of my wife, all my land be sold, and the money arising from such sale, be divided among all
 
 *323
 
 my children now living.” The plaintiffs, who are the children and the husbands of some of the femes, claim, in their writ, that they are tenants in fee in remainder as devisees, under the clause of the will, above referred to. His Honor, in the Court below, was of a different opinion, and we agree with him, that the plaintiffs did not take by devise, but by descent. The land, itself, is not given to the plaintiffs, but, at the death of the devisor’s widow is directed to be sold, and the proceeds to be divided among his children. During the life of the widow, the land is clearly not disposed of by the will, but descends to the devisor’s heirs in fee, subject to the power, of sale at the widow’s death.
 

 The question, then, remains whether the misdescription of the title of the plaintiffs, in the action of waste, is fatal to their right of recovery. Upon that question we concur with his Honor, as we find that his opinion is well sustained by authority.
 

 The action of waste has become nearly obsolete, both in England and in this State, and is almost entirely superseded by the action on the case in the nature of waste. The reason of this is, that the latter form of action is much more convenient, and applicable to a much greater number of circumstances than the former, as is shown in the recent ease of
 
 Dupre
 
 v.
 
 Dupre,
 
 4 Jones’ Rep. 387, and by the authorities therein referred to. The old writ of waste, may, however, still be used, as it is certainly in force in this State;
 
 Brown
 
 v. Blick, 3 Murph. Rep. 511; 1 Rev. Stat. ch. 119; Revised Code, ch. 116. When brought, it must be governed by the rules established for it in England, whence we obtained it.
 

 In Serjeant "Williams’ note 2, to 2 Saund-. Rep. 235, it is distinctly stated that
 
 “
 
 The declaration in waste must show how the .plaintiff is entitled to the inheritancein illustration of which, he gives several instances. If it be necessary to state the plaintiffs’ title correctly, it follows, that it must be proved as laid. In the present case, the title of the plaintiffs is set forth in their declaration, as a devise of a remainder in fee, while their proof shows it to be the descent of a
 
 *324
 
 reversion in fee, subj ect to a power of sale. The variance is fatal.
 

 PbR CuRiAM. Judgment affirmed.